PHILIP R. SELLINGER
UNITED STATES ATTORNEY
BY: SARAH DEVLIN
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2740
SARAH.DEVLIN3@USDOJ.GOV

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Hon.** |
| v. | : | **Civil Action No. 23-** |
| **$1,590,630.00 IN UNITED STATES CURRENCY,** | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| | : | |
| **Defendant *in rem*.** | | |

Plaintiff the United States of America, by its attorney, Philip R. Sellinger, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

### I. NATURE OF THE ACTION

1.  This action is brought by the United States of America seeking the forfeiture of $1,590,630.00 in United States currency seized from Rbud Inc. on September 10, 2021, in Elizabeth, New Jersey (hereinafter referred to as the "Defendant in rem").

2.  The Defendant in rem is subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of

value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

3. The Defendant in rem is further subject to seizure and forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. '' 1345 and 1355(a).

5. Venue is proper pursuant to 28 U.S.C. ' 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the District of New Jersey and pursuant to 28 U.S.C. § 1395(b), because the Defendant in rem was seized in the District of New Jersey.

6. The Defendant in rem is being held on deposit by the United States Marshals Service ("USMS") for the District of New Jersey in the USMS Seized Asset Deposit Fund account at the Federal Reserve Bank, New York, New York.

## III. FACTS

7.  Law enforcement has been investigating a drug trafficking and money laundering organization ("DTO /MLO") operating in Washington State, New Jersey, New York, California, Oklahoma, and elsewhere.

8.  The DTO /MLO is involved in the distribution of marijuana and the laundering of the proceeds.  Deliang Zheng and Jian Lin are members of the DTO/MLO.  Over the course of the investigation, law enforcement has seized over approximately 1,000 pounds of marijuana and over $2,500,000 in the suspected drug proceeds.

*June 19, 2020 Seizure*

9.  On or about June 19, 2020, law enforcement seized approximately four pallets from an Elizabeth New Jersey storage facility that had been shipped from Seattle, Washington and were bound for a facility in Queens, New York.  Pursuant to a search warrant, law enforcement determined that these pallets held approximately 623.2 kilograms of suspected marijuana.

*June 24, 2021 Seizure*

10.  On or about June 24, 2021, in Queens, New York, after observing Deliang Zheng ("Zheng") conduct what appeared to a money laundering transaction, law enforcement seized approximately three bags containing approximately $463,000.00 from Zheng and his female companion.  Zheng was advised of his *Miranda* rights, which he waived.  Zheng admitted that he was involved in the laundering of narcotics proceeds, that he believed that the money in his possession represented drug proceeds, and that at least one

portion of that money had been received from an individual who distributed controlled substances in the District of New Jersey.  Zheng also admitted that, in furtherance of the conspiracy, Zheng had delivered suspected drug proceeds to at least one money remitting business.  Zheng further admitted to accepting payment from another individual in exchange for delivering marijuana.

*September 10, 2021 Seizure of the Defendant in rem*

11.   On or about September 10, 2021, officers observed Zheng visit a storage facility in Queens, New York ("Storage Facility-2"), then travel to another storage facility in Queens, New York (the "Ridgewood Facility").  Zheng spent approximately one hour at a storage unit in the Ridgewood Facility (the "Unit") before a box truck (the "Truck") arrived and backed into the Unit.  A wooden pallet that appeared heavy (the "Parcel") was loaded into the Truck.  The Truck began to drive towards the District of New Jersey.  Law enforcement determined that the Parcel was to be dropped off in Elizabeth, New Jersey to be shipped to California.  Pursuant to a search warrant, law enforcement lawfully seized $1,590,630.00 of suspected drug proceeds from the Parcel.  The Parcel smelled of raw marijuana.

*February 16, 2022 Surveillance*

12.   On or about February 16, 2022, law enforcement observed Jian Lin ("Lin") leave a Queens, New York residence (the "Residence") where Lin and Zheng had recently been living carrying a small bag (the "Black Bag").  Lin drove a Toyota Sienna (the "Sienna") to a second location in Queens, New York where, during a transaction with the driver of another vehicle, law enforcement

observed that the Black Bag held at least two clear plastic vacuum sealed bags containing what appeared to be marijuana.

*Surveillance of the Residence*

13.   Law enforcement observed Lin and other suspected members of the DTO/MLO exit and enter the Residence with squared-off, weighted bags, or cardboard boxes.  During the course of the investigation, law enforcement had seized millions of dollars of suspected narcotics proceeds from bags and boxes resembling those seen being taken in and out of the Residence.  Law enforcement had also observed known and suspected members of the DTO/MLO enter and leave the Residence.

*February 23, 2022 Surveillance*

14.   On or about February 23, 2022, law enforcement observed Lin exit the Residence and drive the Sienna to the Ridgewood Facility.  Shortly after Lin arrived, a box truck (the "Box Truck") arrived at the Ridgewood Facility's parking lot and Lin directed the driver to follow him to a garage entrance to what appeared to be a warehouse (the "Garage").  There, the driver unloaded two pallets with cardboard boxes wrapped in black plastic packaging from the Box Truck.  The Box Truck was operated by a company based in Jersey City, New Jersey.  The bill of lading associated with these pallets stated that the pallets were shipped from Oklahoma.

15.   As the pallets were being unloaded, Zheng arrived.  Zheng and Lin engaged in numerous counter surveillance measures, including looking into the windows of nearby parked cars and paying close attention to the cars

passing them by.  Later, officers observed the Sienna park in the driveway of the Residence and Lin enter the Residence.  After approximately one hour, two suspected DTO/MLO members approached the Sienna and removed two cardboard boxes, which they brought inside the Residence.  Approximately twenty minutes later, Zheng arrived at the Residence.

*March 11, 2022 Surveillance*

16.    On or about March 11, 2022, Lin exited the Residence carrying a large black bag (the "Large Bag") and a cardboard box (the "Box").  Lin eventually provided the Large Bag and the Box to the operator of a vehicle with a New Jersey registration (the "New Jersey Vehicle"), who then traveled back to the District of New Jersey.  Based on training, experience, and the investigation to date, including the DTO/MLO's use of the Residence to store narcotics, the DTO/MLO's use of bags and boxes to store narcotics, and the New Jersey Vehicle's short roundtrip to New York, which spanned approximately two and a half hours, it is likely that the Large Bag and Box, which came from the Residence, contained marijuana.

*March 18, 2022 Seizures*

17.    On or about March 18, 2022, law enforcement observed Lin and Zheng remove cardboard boxes (the "Marijuana Boxes") from a storage unit in Queens, New York and place them in the Sienna.  They also loaded boxes of wine into a Dodge Caravan (the "Dodge").  Lin drove off in the Sienna, and Zheng drove off in the Dodge.  Pursuant to the investigation, law enforcement stopped both cars.  Lin consented to a search of the Sienna and law

enforcement recovered the Marijuana Boxes, which held what appears to be approximately 100 pounds of marijuana.  Zheng consented to a search of the Dodge and law enforcement recovered cases of expensive wine.

18.    Zheng was advised of his Miranda rights, which he waived.  He informed law enforcement that he did not own the Residence, but that he had been staying there while he was in New York.  Zheng had a key to the Residence in his possession.  Zheng consented to a search of the Residence and pointed out which bedroom was his.  During the search of the Residence, law enforcement recovered approximately 450 pounds of marijuana, apparent drug ledgers, rubber bands suitable for the bundling of large quantities of money, a large amount of cash, money counters, and what appeared to be counterfeit drivers' licenses, including licenses purportedly issued by the State of New Jersey.  Investigators also recovered mail addressed to Zheng, photographs of Zheng within the Residence, and a distinctive pair of sneakers that Zheng had recently been observed wearing.  Law enforcement also found a bedroom believed to be utilized by Lin, which held paperwork related to the registration for the Sienna.  Multiple cases of wine were additionally recovered.

19.    Zheng informed law enforcement that he was paid to deliver marijuana and was also directed to pick up the cases of wine.

20.    On March 19, 2022, Zheng and Lin were charged by criminal complaint, Mag. No. 22-10145, with conspiracy to distribute and possess with intent to distribute marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846, and conspiracy to launder monetary

instruments, contrary to 18 U.S.C. § 1956(a)(1)(B)(i), in violation of 18 U.S.C. § 1956(h).

21. The DEA initiated administrative forfeiture proceedings against the Defendant in rem. On October 19, 2022, Zheng filed a claim of ownership with the DEA and contested the forfeiture of the Defendant in rem.

## IV.  FIRST CLAIM FOR FORFEITURE

22. The allegations contained in paragraphs 1 through 21 of this Complaint are incorporated herein and made part hereof.

23. As a result of the foregoing, the Defendant in rem is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because the Defendant in rem constitutes money furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance in violation of violation of Title 21, Subchapter I, of the United States Code.

## V.  SECOND CLAIM FOR FORFEITURE

28. The allegations contained in paragraphs 1 through 21 of this Complaint are incorporated herein and made part hereof.

29. As a result of the foregoing, the Defendant in rem is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957 or a conspiracy to commit such a violation, in violation of 18 U.S.C. § 1956(h).

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the Defendant in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant in rem; that the Defendant in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Dated:  Newark, New Jersey
        January 18, 2023

    PHILIP R. SELLINGER
    United States Attorney

    *s/ Sarah Devlin*
    By: SARAH DEVLIN
    Assistant United States Attorney

## **VERIFICATION**

I, Adam P. Sabatino, hereby verify and declare under penalty of perjury that I am a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that I have been deputized as a Special Federal Officer by the U.S. Drug Enforcement Administration, and in that capacity have responsibility for this action; that I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, the State of New Jersey, and the State of New York; information obtained directly by me; and information supplied to me from and by other law enforcement officials, during an investigation of alleged violations of Title 21 of the United States Code.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this 18th day of January, 2023.

*TFO Adam Sabatino*
Adam P. Sabatino
Task Force Officer
Drug Enforcement Administration